## Krazukowski Estate

*David M. Jones,* for claimants.
*Marvin I. Block, Special Assistant Attorney General,* for Commonwealth.

PAWELEC, *J.,* April 5, 1974—David M. Jones, as attorney-in-fact under a power of attorney executed by the heirs of Adam Dziekonski, filed a petition for hearing to determine the next of kin of decedent, Anthony Krazukowski, to prove their identity and to request a refund from the State Treasury of funds awarded thereto without escheat pursuant to section 1314 of The Fiscal Code of April 9, 1929, P.L. 343, 72 PS §1314 by adjudication of Bolger, *J.,* dated July 10, 1952. The Commonwealth appeared in opposition to this petition.

Anthony Krazukowski also known as Antoni Kraszewski died, on February 1, 1950, intestate, unmarried and without issue. A number of individuals made claim to the estate as the alleged intestate heirs of decedent. All of these claims were either abandoned or dismissed by the adjudication except that of Adam Dziekonski, an alleged first cousin, who was a resident of Poland.

In his adjudication, Judge Bolger stated that the family tree which had been submitted on behalf of

Dziekonski indicated that the decedent had a brother and a sister. However, he concluded that the documentary evidence which had been submitted was insufficient to permit a finding of fact that decedent was not survived by his brother and/or sister at the time of his death. In addition, documentary evidence was presented to establish the relationship of Dziekonski and decedent and the fact that Dziekonski was the sole surviving next of kin. The Commonwealth objected to all the documentary evidence and Judge Bolger did not rule on their validity but left that question for future determination. However, he did conclude that there was reasonable cause to believe that there was an heir in existence.

There is no dispute with the proposition that an award to the Commonwealth under section 1314 of The Fiscal Code of 1929 is appropriate where the whereabouts or identity of putative heirs is unknown, or where the evidence of whereabouts or identity is inconclusive: Link's Estate, 319 Pa. 513 (1935), and Rhodes and Hannebauer Estates, 71 D. & C. 330 (1950). On the other hand, when the question of whereabouts and identity have been resolved, a petition for refund is the appropriate remedy of the heirs: Mitchell Estate, 11 Fiduc. Rep. 75 (1960).

This petition was filed by the widow and children of Adam Dziekonski as his lawful heirs in pursuance of his claim. In support of the claim, they offered numerous documents and the testimony of Ryszard Swierzbinski, a native of Poland who emigrated to the United States in 1969.

The offered documents were all birth certificates, marriage certificates and death certificates. Their purpose was to establish the family tree and the fact that Dziekonski was the sole surviving heir. All

of the documents were admitted into evidence without objection. The testimony of Ryszard Swierzbinski was very limited. He testified as to his knowledge of Adam Dziekonski, his wife and their five children. There was no objection to his testimony.

Petitioners concede that they have offered no evidence as to either the existence or nonexistence of qualified heirs on the paternal side of the decedent's family. All of the documents dealt with relatives on the maternal side.

The standard Dziekonski must satisfy in order to substantiate his claim as an intestate heir was enunciated in Link's Estate (No. 1), 319 Pa. 513, 522 (1935), and quoted with approval in Krepinevich Estate, 433 Pa. 78 (1969), at page 81:

" 'The evidence to sustain relationship must bear on every material feature necessary to support a finding of kinship. It must be grounded on a reasonable certainty and come from witnesses whose trust and candor are not questioned . . . the evidence must be so clear, precise and definite in quality and quantity as to satisfy the court below that the relationship claimed existed.' "

In the instant case, the Commonwealth in its brief concedes that Adam Dziekonski was a first cousin and that the petitioners are the heirs of Adam Dziekonski and entitled to take his share of the estate of the decedent. The Commonwealth's objection is based on the fact that the family tree as presented offers no evidence as to who were the heirs, if any, on the paternal side of decedent's family. Petitioners concede this lack of proof but take the position that Dziekonski was an acknowledged first cousin entitled to take under the intestate law then in effect. Petitioners offered no evidence as to what share they were entitled.

In Bokey Estate, 412 Pa. 244 (1963), our Supreme Court determined that claims of an alleged sister and first cousin had not been proven and awarded the funds to the Commonwealth under section 1314 of The Fiscal Code of 1929. In discussing the claim of the first cousin, the court stated at page 250:

"It was encumbent upon Boki to prove (1) that he was a first cousin, (2) at the time of his death, decedent was survived by neither brothers, sisters or their issue and (3) that, except for Boki, decedent was survived by neither uncles, aunts, their children or grandchildren: Intestate Act of April 24, 1947, P.L. 80, §3(2), (3), (5), as amended, 20 PS §1.3."

This same standard as to burden of proof was cited with approval in Krepinevich Estate, 433 Pa. 78 (1969). There the court was satisfied that claimant was the surviving widow and awarded her the widow's share under the Intestate Act. However, as to the remainder of the estate, the court did place upon her the burden of proving that the decedent was not survived by an issue, parent, brother, sister, child of a brother or sister, grandparent, aunt or uncle and remanded the matter back to the court below to permit her to bring forth evidence indicating that none of these persons is now living. In Demczuk Estate, 444 Pa. 212 (1971), the court concluded that a claimant under a will should not be put to the same standard of proof as in an intestacy and went on to say at 218:

"Thus, had John Demczuk died intestate, to receive the entire estate claimant would have had to prove that the deceased had a son, that the deceased was not survived by any other heirs who would have competing or superior claims under the intestate laws, and finally that he, claimant, was in fact the son."

Adams Estate, 48 D. & C. 2d 581 (1969), is a case which in essence is factually similar to the instant case. There money had been previously awarded to the Commonwealth under "The Iron Curtain Act" and claimants were petitioning for distribution. Judge Taxis adopted the same standard in regard to burden of proof. He stated at 583:

"This means in a case of intestacy, as here, that a claimant must prove his identity and his kinship with decedent, and also must produce satisfactory proof that others of equal or closer kinship are not available to inherit."

He then went on to say on the same page:

"The present claimants allege that they are the nephews and niece of decedent, and his sole heirs. Accordingly, this first requires proof of the alleged kinship and claimants' identity, and then proof that decedent left no surviving spouse, issue, parents, brothers, sisters, grandparents, uncles, aunts, and also no other nieces or nephews. We examine the evidence from this viewpoint."

He then went on to determine that the evidence was sufficient and he made the award to claimants.

When this test is applied to the evidence offered in support of this petition, there can be only one result. The petition must be denied. Petitioners themselves admit that they are unable to satisfy the test which requires proof that others of equal or closer kinship are not available to inherit. They admit they have presented no evidence as to either the existence or nonexistence of qualified heirs on the paternal side of the decedent's family tree.

However, claimants then take another position in support of their claim for distribution of decedent's entire estate. They state that section 13(a) of the

Intestate Act of April 4, 1947, P.L. 80 (the act applicable here), 20 PS §1.13(a), establishes a statute of limitations as follows:

"Any person entitled under this act to a share of the estate of the decedent must make a legal claim to his share of the personal estate within seven years of the death of the decedent or be debarred from claiming such share thereof as shall have been distributed pursuant to adjudication or decree: Provided, That if any such person shall be a minor at the death of the decedent, the seven year period shall commence to run upon his attaining majority."

They reason that the award to the Commonwealth under section 1314 of The Fiscal Code of April 9, 1929, as amended (72 PS §1314), was a distribution and, since no one else has appeared to claim this fund, they, as heirs of an acknowledged first cousin, should receive the entire fund. In support of this position, they cite Dull Estate, 4 Fiduc. Rep. 617, and Richardson Estate, 50 D. & C. 2d 774 (1971).

An award under section 1314 results in the Commonwealth receiving custody and possession but not title to the property involved. The Commonwealth holds these funds as a custodian for the benefit of any rightful heirs or descendants of the deceased who may appear later. Section 504 of The Fiscal Code of April 9, 1929, P.L. 343, as amended, 72 PS §504, provides the method for securing a refund by a proper party. It does not impose any time limitation.

The limitation imposed by section 13 of the Intestate Act of 1947, applies to distributions made under the Intestate Act. Mr. Brégy in his book, In-

testate, Wills and Estates Act of 1947 (1949 ed.), in discussing section 13 of the Intestate Act, states at page 1504:

"The only value of the limitation in its present form will be in its possible use by distributees as a defense to a claim for restitution by an heir appearing more than seven years after decedent's death. The protection afforded distributees in such a case by the present section is not entirely theoretical, since property of an intestate might be subject to a claim for restitution by an omitted relative even when it has been distributed pursuant to court decree."

This was also pointed out by Administrative Judge Klein in Rhodes Estate, 71 D. & C. 330 (1950), at page 341, where he stated:

"If the Commonwealth receives the award as an heir under section 3, subsec. 6, as aforesaid, it would appear that the rights of the next-of-kin who might be entitled to the estate but who had no notice of the proceedings would be forfeited unless they make legal claim to their shares within seven years of the death of decedent (section 13, Intestate Act of April 24, 1947). However, if the fund is received by the Commonwealth, without escheat, decedent's next of kin could make claim at any time without limitation, and, upon satisfactory proof of relationship, receive the fund from the State with interest at two percent under Section 504 of the Fiscal Code of 1929."

The two cases cited by petitioners are inapposite. Dull Estate, supra, was a report of an auditor which was confirmed by the court. The auditor was appointed to determine the proper distribution of funds in the possession of an administrator. The

auditor concluded that decedent was survived by two sisters, each of whom would be entitled to one-half of the estate. One of the sisters lived in Poland and had not been heard from in a number of years. He awarded the money due this sister to the Commonwealth under section 1314. He then went on to say that if the sister from Poland had not claimed her money in seven years, the other sister could claim the money under authority of section 13 of the Intestate Act of 1947. This pronouncement certainly is not binding on any court. The issue was not before him for decision. At the most, this statement would be dicta and of no value as precedent.

In Richardson Estate, supra, the decedent had died intestate. The administrator indicated to the court that decedent had been married and had fathered four children. It was not known if the wife or children had survived decedent. In addition, the United States government had filed a claim. This claim was based on the fact that 80 percent of the funds in question were paid by the Federal government to decedent and should be repaid to the government under section 3202(e) of 38 USC. P.L. 85-857, 72 Stat. 1232 (1958). Judge Shoyer awarded the 20 percent not claimed by the United States government to the Commonwealth under section 1314 and the other 80 percent back to the accountant with instructions to file a petition for distribution of that part of the fund seven years after the death of decedent. The action of the court in this case is of no support to claimants' position. In Richardson a valid claim was made under a Federal statute for certain funds. Judge Shoyer tried to preserve these funds for possible heirs for a period of time. He apparently could have awarded them directly to the Federal government as was done in

Tamaszwicz Estate, 17 D. & C. 2d 12 (1958). He made no disposition or gave any direction as to the funds awarded under 1314.

As a result, I conclude that section 13 of the Intestate Act of 1947 does not act as a statute of limitation to prevent proper heirs from making a claim for funds which had been awarded to the Commonwealth under section 1314 of The Fiscal Code of 1929. Thus, claimants have a right to present this claim to the court. However, in order to be successful, they must meet the required burden of proof, i.e., that the deceased was not survived by any other heirs who would have competing or superior claims under the intestate laws. They have failed to do so.

Accordingly, I enter the following

### DECREE

And now, April 5, 1974, petitioners' request for refund from the State Treasury of funds awarded thereto under section 1314 of The Fiscal Code of 1929 by adjudication of Bolger, *J.*, is denied.